IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


SALLY SHIELDS,

                    Plaintiff,

vs.                                        Case No. 15-1257-SAC


NANCY A. BERRYHILL,
Acting Commissioner of
Social Security,[1]

                    Defendant.


MEMORANDUM AND ORDER

On April 15, 2016, this court issued an order reversing the decision of the Commissioner and remanding the case for further hearing (Doc. 18). On July 26, 2016, this court approved an order for EAJA fees under the EAJA in the amount of $4,234.58 (Doc. 22).[2]

On February 3, 2017, plaintiff received a notice of decision-fully favorable from the defendant (Doc. 23-3), and a notice of award on June 13, 2017 (Doc. 23-4). Plaintiff then filed a motion for attorney fees under 42 U.S.C. § 406(b) (Doc. 23). Defendant filed a response to the motion indicating that they have no objection to the motion (Doc. 24).

---

[1] On January 20, 2017, Nancy A. Berryhill replaced Carolyn W. Colvin as Acting Commissioner of Social Security.
[2] Of that amount, plaintiff's counsel only received $3,528.19 because $706.39 of that amount was seized by the government to pay a past debt of plaintiff (Doc. 23-1 at 13; Doc. 23-8).

Section 206(b) of the Social Security Act ("SSA"), 42 U.S.C. § 406(b), provides that "[w]henever a court renders a judgment favorable to a claimant ... the court may determine and allow as part of its judgment a reasonable [attorney] fee ... not in excess of 25 percent of the past due benefits."  This provision allows the Court to award attorney fees in conjunction with a remand for further proceedings where plaintiff ultimately recovers past due benefits.  Wrenn ex rel. Wrenn v. Astrue, 525 F.3d 931, 933 (10th Cir. 2008).  Where plaintiff has agreed to a contingency fee arrangement, the Court must review the agreement as an independent check to assure that it yields a reasonable result in the particular case.  Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002).

Plaintiff and her attorney entered into a contingent fee agreement whereby plaintiff agreed to pay her attorney 25% of her past due benefits if she received an award of benefits (Doc. 23-5).  Plaintiff received an award of past due benefits.  Defendant withheld $17,814.00 from past due benefits to pay plaintiff's counsel (Doc. 23-4 at 4).  Plaintiff's counsel spent 17.25 hours representing plaintiff in the district court action, and plaintiff's law clerk spent 13 hours representing plaintiff in the district court action (Doc. 23-6).

In the case of Grace v. Colvin, 2015 WL 7102292 at *1-2, Case No. 12-1017-JWL (D. Kan. Nov. 13, 2015), the Commissioner

had withheld $28,077.65 (25% of the past-due benefits) from her award to plaintiff, to be applied to payment of that fee. Counsel's agreement with plaintiff was for 25% of past-due benefits. However, counsel only requested a fee of $17,000.00 for 39.35 hours of work. This represented an hourly rate of $432.02. The court found that the attorney fee of $17,000.00 was reasonable in the circumstances of that case.

In the case of <u>Russell v. Astrue</u>, 509 F.3d 695, 696-697 (10th Cir. Jan. 31, 2013), the court found that an hourly rate of $422.92 was not beyond the bounds of reasonable judgment or permissible choice (this represented a reduction from an effective hourly rate of $611 requested by counsel). In the case of <u>Brown v. Colvin</u>, Case No. 12-1456-SAC (D. Kan. Sept. 20, 2016), the court found that an hourly fee of $307.64 was reasonable. In the case of <u>Glaze v. Colvin</u>, Case No. 13-2129-SAC (D. Kan. July 15, 2015, Doc. 23), the court found that an hourly fee of $293.00 was reasonable. In the case of <u>Sharp v. Colvin</u>, Case No. 09-1405-SAC (D. Kan. Jan. 13, 2015), the court found that an hourly rate of $258.63 was reasonable. In the case of <u>Bryant v. Colvin</u>, Case No. 12-4059-SAC (D. Kan. Dec. 23, 2014), the court found that an hourly rate of $418.28 was reasonable. In the case of <u>Roland v. Colvin</u>, Case No. 12-2257-SAC (D. Kan. Dec. 23, 2014), the court found that an hourly rate of $346.28 was reasonable. In the case of <u>Wulf v. Astrue</u>, Case

No. 09-1348-SAC (D. Kan. May 30, 2012, Doc. 23), the court found

that an hourly fee of $321.01 was reasonable.  In the case of

Vaughn v. Astrue, Case No. 06-2213-KHV, 2008 WL 4307870 at *2

(D. Kan. Sept. 19, 2008), the court found that $344.73 was a

reasonable hourly fee.  In Smith v. Astrue, Case No. 04-2197-CM,

2008 WL 833490 at *3 (D. Kan. March 26, 2008), the court

approved an hourly fee of $389.61.  In summary, hourly fees

ranging from $258.63 to $432.02 have been approved in the cases

cited above.  See Robbins v. Barnhart, Case No. 04-1174-MLB,

2007 WL 675654 at *2 (D. Kan. Feb. 28, 2007)(In his brief, the

Commissioner noted that, in interpreting Gisbrecht, courts have

found reasonable fee amounts ranging from $338.29 to $606.79 per

hour).

As noted above, plaintiff's counsel spent 17.25 hours, and

plaintiff's law clerk spent 13 hours representing plaintiff in

the district court action (Doc. 23-6).  Although $17,814.00 was

withheld for attorney fees (25% of past due benefits), plaintiff

only seeks $11,000.00 in attorney fees in this case.[3]

In the case of Siraco v. Astrue, 806 F. Supp.2d 272, 274

(D. Me. 2011), plaintiff's counsel sought 406(b) attorney fees

of $11,366.62 for 30.15 hours, of which 4.7 hours were performed

by an attorney and 25.45 hours were performed by paralegal work.

---

[3] Plaintiff's counsel notes that they have already received $6,000.00 from the defendant for work performed before the Social Security Administration.  Plaintiff's counsel has also decreased the requested fee amount by $814.00 because they sought an extension of time to file a brief  (Doc. 23-1).

As that court noted, <u>Gisbrecht</u> requires that within the 25%
limit, the attorney must show that the fee sought is reasonable
for the services rendered. <u>Id</u>. The Commissioner argued that
too much was being requested for the paralegal's work. <u>Id</u>. at
277. The court noted that some lawyers do all their own
research; some outsource; some use paralegals; some use law
clerks, legal assistants, or interns. The court stated that it
is not the purpose of a fee award to encourage or discourage one
or another of these. Thus, the court reasoned, if a law firm is
able to educate a paralegal to do some of the work that other
firms assign to lawyers, that ability should not compel it to
reduce its contingent fee. <u>Id</u>. at 278. The court indicated
that the issue is whether contingent fee agreement yielded a
reasonable fee amount in this case. <u>Id</u>. at 278-279. The court
granted the attorney fee request. <u>Id</u>. at 280.

In the case of <u>Howell v. Colvin</u>, 2014 WLL 317798 (W.D.
Okla. Jan. 28, 2014), plaintiff requested a 406(b) fee of
$18,242.75 for 30.6 hours of attorney time and 11.2 hours of
paralegal time. The court noted that the Commissioner offered
no authority for excluding paralegal time, and cited to the
<u>Siraco</u> case for the proposition that the proper issue is not
whether paralegal time is compensable but whether the percentage
contingent fee agreement yields a reasonable fee amount. The
court found that the fee request was reasonable. <u>See also Dixon</u>

5

v. Colvin, 2016 WL 55275 at *2 (D. S.C. Jan. 5, 2016)(court,
citing to Siraco, approved 406(b) request for 8.75 hours spent
by attorneys and 19.75 hours done by paralegals, also indicating
that the issue is not whether paralegal time is compensable, but
whether the overall award yields a reasonable fee amount; i.e.,
is it reasonable in light of the amount of work put forth by
plaintiff's counsel and the outcome of the case); Atwood v.
Commissioner of Social Security; 2011 WL 6372790 at *2 (D.
Oregon, Dec. 19, 2011)(adopting rationale in Siraco).

Plaintiff's attorney and law clerk spent 30.25 hours on
this case at the district court level.  The request thus
represents an effective hourly rate of $363.64 ($11,000 ÷
30.25).  The requested hourly rate is within the range of hourly
fees approved in the above cases, and is reasonable in light of
the amount of work put forth by plaintiff's counsel and law
clerk and the outcome of plaintiff's case, which resulted in a
fully favorable decision and an award of past due benefits of
$71,256.00.  The court therefore finds that a § 406(b) fee of
$11,000.00, which represents an hourly fee of $363.64 (for 30.25
hours) is a reasonable fee in this case.

IT IS THEREFORE ORDERED that the motion by plaintiff's
attorney for an award of attorney fees under 42 U.S.C. § 406(b)
(Doc. 23) is granted.  Plaintiff's attorney is entitled to
$11,000.00 in fees under 42 U.S.C. § 406(b).  The Commissioner

shall pay the fees from the amount she is withholding from plaintiff's past due benefits.

IT IS FURTHER ORDERED that plaintiff's counsel shall refund to plaintiff $3,528.19, which she received as fees under the EAJA, after plaintiff's attorney receives her $11,000.00 in attorney fees from the Commissioner.

Dated this 3rd day of October 2017, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge